**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CANDIDO LOPEZ-LOPEZ, | No. 16-72630 |
| Petitioner, | Agency No. A205-315-157 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Candido Lopez-Lopez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

As to asylum, the record does not compel the conclusion that Lopez-Lopez applied within a reasonable time of any extraordinary or changed circumstances, including his brother's murder, as to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). We lack jurisdiction to consider Lopez-Lopez's contention that the delay in filing for asylum after his brother's murder was due to grieving his loss. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). However, in denying asylum, the BIA did not address Lopez-Lopez's argument that a rise in crime and corruption in Guatemala constituted changed circumstances that excused the untimely filing of his asylum application. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner.").

As to withholding of removal, substantial evidence supports the agency's determination that Lopez-Lopez failed to establish that the harm he fears in Guatemala would be on account of his family-based particular social group. *See*

2

*Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). However, in denying withholding of removal, the BIA did not address Lopez-Lopez's argument that he would be persecuted on account of an imputed political opinion. *See Sagaydak*, 405 F.3d at 1040.

Thus, we grant the petition for review as to Lopez-Lopez's asylum and withholding of removal claims and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Lopez-Lopez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Lopez-Lopez's removal is stayed pending a decision by the BIA.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**